United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 02-11102
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARNELL DESHUN JOHNSON, also known as Deshawn
Conell Johnson III,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-46-ALL-P
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Carnell Deshun Johnson was convicted by a jury for making a false statement in connection with the acquisition of a firearm and for being a felon in possession of a firearm. See 18 U.S.C. §§ 922(a)(6), 922(g)(1), & 924(a)(2). Johnson has appealed, challenging several of the district court's evidentiary rulings.

Johnson contends that the district court abused its discretion in permitting the prosecutor to question him during cross

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

examination about two prior arrests for criminal impersonation and domestic battery. Johnson complains also that the district court abused its discretion in permitting him to be cross examined regarding his marital infidelity and about false statements made by him to his paramour.

"A defendant makes his character an issue when he testifies." United States v. Tomblin, 46 F.3d 1369, 1388 (5th Cir. 1995). "The government is entitled to cross-examine properly and effectively a witness in an effort to elicit the truth." Id. "Prior bad acts that have not resulted in a conviction are admissible under FED. R. EVID. 608(b) if relevant to the witness's character for truthfulness or untruthfulness." United States v. Parker, 133 F.3d 322, 327 (5th Cir. 1998). "Admission of the impeaching evidence is discretionary with the trial judge." United States v. Farias-Farias, 925 F.2d 805, 809 (5th Cir. 1991). "The trial judge's discretion under Rule 608(b) is very substantial." Id.

Johnson testified that, during a post-arrest interview with Bureau of Alcohol, Tobacco, and Firearms Special Agent Paul Cavicchia, he had failed to disclose that he had a prior arrest for the felony offense of second degree forgery because the offense had "slipped" his mind. The evidence of Johnson's prior arrests for criminal impersonation and domestic battery were admissible for the purpose of impeaching this testimony. See Farias-Farias, 925 F.2d at 810. Similarly, Johnson testified that he had traveled in interstate commerce for the purpose of moving his family from Texas

2

to Arkansas. The evidence of Johnson's marital infidelity was admissible for the purpose of impeaching this testimony. Id. Moreover, evidence of Johnson's arrest for criminal impersonation and of the fact that Johnson had been unfaithful to his wife and untruthful to his paramour was probative of Johnson's character for truthfulness or untruthfulness. See Tomblin, 46 F.3d at 1389. Also, the foregoing evidence was directly probative of Johnson's guilty consciousness, as it tended to undermine Johnson's contentions that he was not aware that he had a felony conviction and that he had not knowingly traveled in interstate commerce with a firearm. See Farias-Farias, 925 F.2d at 810-11. No abuse of discretion has been shown.

The Government's theory of the case was that Johnson, knowing he had been convicted of a felony, took steps over the years to distance himself from that conviction. During his interview with Agent Cavicchia, Johnson had provided an incorrect social security number. The Government offered expert testimony at trial with regard to the creation of false identities through the use of false social security numbers. Johnson contends that the district court abused its discretion in overruling his objection under FED. R. EVID. 404(b) to the expert testimony.

"This Court reviews the admission of extrinsic acts evidence for abuse of discretion." United States v. Griffin, 324 F.3d 330, 359 (5th Cir. 2003). A two-part test is employed in determining "whether evidence is admissible under Rule 404(b): (1) whether the

3

evidence is relevant to an issue other than the defendant's character and (2) whether the evidence possesses probative value that is not outweighed substantially by the danger of unfair prejudice and is otherwise admissible under Rule 403." Id. (internal quotation marks omitted).

The expert testimony was directly relevant to Johnson's consciousness of guilt because it tended to prove that Johnson was aware that he was a convicted felon and that, as a felon, it was illegal for him to possess a firearm. The evidence also tended to show that Johnson knowingly made a false statement regarding the felony conviction in attempting to obtain a firearm. The evidence was not unfairly prejudicial. No abuse of discretion has been shown. The convictions are

AFFIRMED.